The opinion of the court was delivered by
Watkins, J.
The defendant was indicted for the crime of burglary of a storehouse in the night-time, armed with a dangerous weapon, with intent to steal, and also with the crime of larceny of certain personal effects, property of the proprietor of the aforesaid storehouse, which he had burglariously entered — the indictment being in two counts.
On the trial there was a verdict of guilty and the court sentenced the defendant to three years’ imprisonment in the penitentiary, and *1489 from the verdict and sentence he has appealed, relying upon four bills of exceptions and a motion for new trial.
I.
The first bill of exceptions relates to the refusal of the judge to allow the testimony to be reduced to writing in pursuance of the provisions of Act 118 of 1896. The judge assigns as his reason for this refusal that it was shown by the State’s testimony that the confession “ was made under circumstances of violence ” and was not permitted to go to the jury as evidence, and that, consequently, it was unnecessary to delay the trial to have the testimony reduced to writing.
The confession having been superinduced by violence was clearly inadmissible and properly rejected; hence the accused was without interest to further prosecute the inquiry.
II.
The second bill relates to the refusal of the trial judge to cause the jury to retire and remain absent during the examination of the witnesses in relation to the defendant’s alleged confession, on account of which declination defendant sustained injury entitling him to relief.
The judge’s statement is that in the course of the examination of a witness for the State, he was asked whether or not the defendant had made a confession, to which question the witness responded “yes ” before objection could be made by defendant’s counsel; that thereupon the question was propounded as to what the confession was, when counsel for the defendant requested the court to examine the witnesses with a view to ascertain whether the confession was admissible, and to retire the jury during the progress of the examination; that although he did not direct the jury to retire as requested, the alleged confession was not allowed to go to the jury, and he “ instructed the jury not to regard the answer of the witness that a confession had been made.”
In view of the fact that the question was asked and immediately answered in the affirmative before an objection could be interposed, all that there remained to be done was what the judge did do— instruct the jury not to regard the statement of the witness. It was proper that the jury should have been directed to retire during the *1490 progress of this investigation, as it was a matter for the ear of the court alone; but in view of the result we can not perceive how any injury was done the defendant. There is in this no ground for a reversal of the verdict of the jury.
III.
The third bill relates to an alleged special charge of defendant’s counsel which the trial judge declined to give; bub between counsel and the judge there is a disagreement as to what was the special charge requested and refused.
The judge assigns, among other things, that the “ court can not agree that such a charge as the (one recited) above was requested; had it been, in the terms set forth, the court would have recognized at once that the charge was copied directly from a text writer, and would have so charged the jury. Counsel for defendant did prefer a request in writing, but not in form or substance of the above. The paper was lost or mislaid; but the court is positive that no such charge was demanded.”
Following precedents, we must accept the statement of the trial judge, and that is conclusive as to the correctness of his ruling.
IV.
The fourth bill relates to certain other requested special charges alleged to have been requested by defendant’s counsel and refused by the court, but concerning the character and substance of which there was a difference between counsel for defendant and the court.
It appears at the time there was some discussion on the question, and counsel, excepting to the action and decision of the judge, proposed to have “the clerk (of court) reduce to writing the special charges and the subject matter of the bill of exceptions.”
But the judge refused to have this done, on the ground that such was not the duty of the clerk, bukthat of the counsel desiring special charges given by the court.
The trial judge was entirely correct, It was not the duty of the elerk to prepare such special charges for counsel, especially when confronted with the fact that there was a question between the judge and counsel as to the particular terms of the charges that had been previously requested.
There is no objection — indeed it is the rule — that the clerk should *1491 make a note of objections that are taken during the progress of the trial, in case there be no objection or contest about it; but the correct practice and safer rule in making any reservation is for counsel to formulate his objection in writing, and furnish a copy thereof to the judge and one to the opposing counsel. In the event of an adverse ruling by the judge counsel should prepare a bill of exceptions and incorporate his objection therein, reserving his copy of his reservation for identification therewith.
Y.
There is no issue raised in the motion for a new trial save that the verdict of the jury was contrary to the law and evidence; and, following precedents, we must decline to consider it, as it involves only a question of fact.
Judgment affirmed.